UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GERALD D. LEWIS,

    Plaintiff,

    v.                                             CAUSE NO. 3:23-CV-57-DRL-MGG

CHARLES CALVERT *et al.*,

    Defendants.

OPINION AND ORDER

Gerald D. Lewis, a prisoner without a lawyer, filed a complaint. ECF 1. Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must nevertheless give a *pro se* complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

On September 8, 2022, Mr. Lewis alleges he informed Officer Keller, who is not named as a defendant, he was having "complications breathing, feeling dizzy and faint" while at the Miami Correctional Facility. ECF 1 at 3. Officer Keller told Mr. Lewis to have someone escort him to the medical unit, so he recruited two inmates to help him.

However, Sergeant Mackenzie Malott put his release on standby for fifteen minutes while he finished directing the chow line movement before he radioed Officer Keller to release Mr. Lewis to medical. When they arrived at the gate, they were detained for another fifteen minutes, and then an unrelated "signal was called on KHU and all movement was cancelled except the release of I.C.I. to the north gate." *Id*. Mr. Lewis's breathing became worse and he "started to pass out." *Id*. The inmate assisting him ran to get help, but no one responded, so he ran over to the chow hall. There the inmate encountered Officer Craig Wallace and asked him to radio for help, but Officer Wallace told the inmate to "get away from the damn gate" or he would "fucking spray him in the face with his mace." *Id*. All of the officers were responding to the signal that had been called, so Mr. Lewis's requests for help were ignored. He eventually passed out.

A different inmate saw Lieutenant Charles Calvert jogging down the hallway, and he approached to let him know Mr. Lewis had passed out. Lieutenant Calvert responded by saying, "you're not going through the gate" and "he is not getting any fucking help" as he continued to run past. Remington Lovegrove, a plant manager who is not named as a defendant, had returned to get his radio, and the inmates told him about Mr. Lewis's condition. Sergeant Lucas Neidlinger was passing by, and Plant Manager Lovegrove asked him to get medical assistance for Mr. Lewis, but Sergeant Neidlinger stated he was "not getting any fucking help," and he ran to the administration building. *Id*. at 4. When he found his radio, Plant Manager Lovegrove radioed for assistance himself. Medical staff arrived and carried Mr. Lewis to the medical unit for treatment. Mr. Lewis has sued

2

Lieutenant Calvert, Sergeant Malott, Sergeant Neidlinger, and Officer Wallace for monetary damages and injunctive relief.

In evaluating an Eighth Amendment deliberate indifference claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (citations and quotations omitted). Put another way, an inmate can state a viable claim for deliberate indifference if he alleges the defendant "deliberately ignored a prison condition that presented an objectively, sufficiently serious risk of harm." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (citation omitted).

With regard to Sergeant Malott, Mr. Lewis alleges he put his release to the medical unit "on hold" for fifteen minutes while he finished a task. There is no indication Sergeant Malott was aware of a serious risk to Mr. Lewis's health or that such a short wait could jeopardize him in any significant way. In fact, Mr. Lewis doesn't even allege Sergeant Malott specifically knew about his breathing complications or dizziness, as Officer Keller

was the only staff member Mr. Lewis had directly raised his concerns to at that point. Therefore, Mr. Lewis hasn't plausibly alleged Sergeant Malott was deliberately indifferent to his needs, so the claims against him will be dismissed. *See, e.g., Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009) (claim must be plausible on its face and complaint must provide adequate factual content).

Similarly, Mr. Lewis doesn't attribute the next fifteen-minute delay to any particular individual—just that "we were told we were not able to move through the gates"—and a signal was called immediately thereafter. He alleges his breathing had become worse and that an inmate had asked Officer Wallace to radio for medical help. But, again, he doesn't plausibly allege Officer Wallace knew he was at serious risk of being harmed. Officer Wallace's response—which focused on getting the other inmate away from the gate during the time of an apparent security situation—may have been curt and rude, but it isn't enough show he was deliberately indifferent to any serious medical needs Mr. Lewis may have been suffering from. The claims against Officer Wallace will be dismissed as well. *See Bissessur*, 581 F.3d at 602.

The analysis differs as to Lieutenant Calvert and Sergeant Neidlinger. Mr. Lewis specifically alleges the inmates and/or Plant Manager Lovegrove informed them that Mr. Lewis had passed out by that point. A reasonable individual would assume a person who had passed out needs immediate assistance, so Lieutenant Calvert and Sergeant Neidlinger's direct refusal to provide him with help of any kind can plausibly be construed as deliberate indifference. Although further fact finding may reveal they had legitimate reasons for not immediately responding the requests for medical assistance—

4

giving Mr. Lewis the benefit of the inferences to which he is entitled at this stage—he has sufficiently stated Eighth Amendment claims for monetary damages against Lieutenant Calvert and Sergeant Neidlinger.

In addition to monetary damages, Mr. Lewis also brings claims seeking permanent injunctive relief. He asks the court to order the defendants to refrain from retaliating against him, to "curb their [unidentified] discriminatory acts and omissions," to respond in a timely manner to all medical incidents, to refrain from transferring him "in order to circumvent injunctive relief," and to "curb their cruel and unusual punishment, acts, and omissions against Plaintiff." ECF 1 at 5–6. There is no plausible suggestion that any of the defendants are participating in any sort of ongoing or repeated constitutional violations against Mr. Lewis, so these claims for injunctive relief will be dismissed because they are outside of the scope of those claims on which he will be allowed to proceed. He also asks the court to order the defendants to preserve all relevant discovery, but this request is unnecessary because once a defendant receives notice of this lawsuit via waiver or service, "a duty to preserve evidence over which it has control and reasonably knows or could foresee would be material to a potential legal action" is triggered, and "[a] formal discovery request is not necessary." *Bryant v. Gardner*, 587 F. Supp. 2d 951, 967-68 (N.D. Ill. 2008). Finally, Mr. Lewis seeks injunctive relief ordering the defendants to "issue receipts and responses for all of Plaintiff's grievances, and issue him grievance forms upon request such that he may exhaust the administrative remedy process," but this matter may be dealt with during discovery rather than via court-ordered injunctive relief. *Id*. at 5. Thus, his claims regarding permanent injunctive relief are dismissed.

For these reasons, the court:

(1) GRANTS Gerald D. Lewis leave to proceed against Lieutenant Charles Calvert and Sergeant Lucas Neidlinger in their individual capacities for compensatory and punitive damages for being deliberately indifferent to his breathing, dizziness, and fainting issues on September 8, 2022, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Sergeant Mackenzie Malott and Officer Craig Wallace;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Lieutenant Charles Calvert and Sergeant Lucas Neidlinger at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Lieutenant Charles Calvert and Sergeant Lucas Neidlinger to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

October 2, 2023            *s/ Damon R. Leichty*
                                              Judge, United States District Court