UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GERALD D. LEWIS,

      Plaintiff,

    v.                           CAUSE NO. 3:23-CV-57-DRL-MGG

CHARLES CALVERT and LUCAS
NEIDLINGER,

      Defendants.

## OPINION AND ORDER

Gerald D. Lewis, a prisoner without a lawyer, is proceeding in this case "against Lieutenant Charles Calvert and Sergeant Lucas Neidlinger in their individual capacities for compensatory and punitive damages for being deliberately indifferent to his breathing, dizziness, and fainting issues on September 8, 2022, in violation of the Eighth Amendment[.]" ECF 17 at 6. The defendants move for summary judgment, arguing Mr. Lewis didn't exhaust his administrative remedies before filing suit. ECF 25. Mr. Lewis filed a response, and the defendants filed a reply. ECF 33, 34, 36. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact

exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Accordingly, "exhaustion is not

required when the prison officials responsible for providing grievance forms refuse to give a prisoner the forms necessary to file an administrative grievance." *Hill v. Snyder*, 817 F.3d 1037, 1041 (7th Cir. 2016).

In their summary judgment motion, the defendants argue Mr. Lewis didn't exhaust his administrative remedies before filing this lawsuit because he submitted a grievance but never appealed the grievance office's denial of that grievance. ECF 26 at 3-7. Specifically, they provide evidence the grievance office issued a Grievance Response Report denying Grievance 146283 on November 17, 2022, and Mr. Lewis never appealed that denial. ECF 25-1 at 6-7; ECF 25-3; ECF 25-4.

Mr. Lewis concedes he never appealed the grievance office's denial of Grievance 146283. The court accepts this as undisputed. Instead, he argues his administrative remedies were unavailable because he was unable to obtain an appeal form. ECF 33-2 at 3. Specifically, Mr. Lewis provides evidence he requested an appeal form by (1) signing and returning the Grievance Response Report on November 18, 2022, indicating he disagreed with the grievance office's decision; and (2) sending a "Request for Interview" form to the Grievance Specialist on November 23, 2022, requesting an appeal form. ECF 33-1 at 4-5; ECF 33-2 at 3. He attests he never received any response or appeal form from the grievance office, which prevented him from appealing the denial of Grievance 146283. ECF 33-2 at 3.

In their reply, the defendants provide an attestation from the Grievance Specialist that the grievance office never received Mr. Lewis' signed Grievance Response Report or

Request for Interview form. ECF 36-1 at 2-3. This creates a genuine dispute whether Mr. Lewis in fact submitted these documents to the grievance office.

Based on the foregoing, there are genuine disputes regarding whether the grievance office made Mr. Lewis' administrative remedies unavailable by ignoring his request for an appeal form. *See Hill*, 817 F.3d at 1041. Specifically, a genuine issue exists regarding whether Mr. Lewis signed and returned the November 17, 2022, Grievance Response Report to the grievance office. If the court concludes Mr. Lewis signed and returned the Grievance Response Report to the grievance office but never received an appeal form, then the grievance office made Mr. Lewis' administrative remedies unavailable. *See Hill*, 817 F.3d at 1041.

Resolving this issue will require a hearing as explained in *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). However, the court will not schedule such a hearing unless one of the defendants file a motion requesting it.

For these reasons, the motion for summary judgment (ECF 25) is **DENIED**. The defendants are **CAUTIONED** that if a *Pavey* hearing is not requested by **August 28, 2024**, the affirmative defense of exhaustion of administrative remedies will be waived.

SO ORDERED.

August 15, 2024                *s/ Damon R. Leichty*
                                   Judge, United States District Court